# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**STEPHEN JONAS and**
**SEVERE PROCESS SPECIALTIES, INC.**
**a Florida Corporation**

       Plaintiffs,

**v.**　　　　　　　　　　　　　　　　　　　**CASE NO. 3:05-CV-501-J-16MMH**

**TRUELINE AMERIQUE/TRUELINE**
**AMERICA, INC.,** a foreign corporation
**and JEAN-PAUL DiMARZIO**,
an individual,

       Defendants.

_____/

## O R D E R

Before the Court is Plaintiffs' Motion to Remand to State Court and Supporting Memorandum (Dkt. 14), to which Plaintiffs attached a declaration and an exhibit (Dkt. 15). Inexplicably, Defendants have failed to file a timely response.

**I.**　　　**Procedural Posture**

Plaintiffs filed their Complaint on January 5, 2005 in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida. However, service of process was not effected on Defendants until May 4, 2005. On June 2, 2005 Defendants timely removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

**II.**　　　**Background**

Plaintiffs' Motion to Remand (Dkt. 14) argues Defendants' claim of diversity of citizenship under 28 U.S.C. § 1332 is misplaced and that the Court should remand the case to state court. Specifically, Plaintiff outlines the citizenship of the parties for purposes of diversity jurisdiction as follows: Plaintiff

Severe Process Specialities, Inc. ("Severe Process) is a dissolved Florida corporation that is winding up its affairs (Dkt. 15, ¶ 2); Plaintiff Stephen Jonas is a citizen of the country of Canada, although he is currently residing in Jacksonville, Florida as a resident alien Id. at ¶ 3-4; and that Defendant Trueline Amerique/Trueline America, Inc. ("Trueline") is a Canadian corporation, with a principal place of business in Montreal, Canada. As for Defendant Jean-Paul DiMarzio ("DiMarzio), Plaintiffs contend he is a U.S. citizen residing in Florida, but that he also maintains a residence in Canada.

In attempting to demonstrate Defendant DiMarzio is a citizen of the state of Florida for purposes of diversity, Plaintiffs attached a National Comprehensive Report ("Report") on Defendant DiMarzio (Dkt. 15, Exhibit A). The Report allegedly lists information on Defendant DiMarzio such as the fact he has a social security number, he purchased condominiums in Florida in 1996 and later in 2001, he has a Florida driver's license and has vehicles registered in his name at the address of the 2001 condominium as well as having a Florida phone number. Plaintiffs argue in determining citizenship for purposes of diversity jurisdiction, an individual who is a citizen of the United States is a citizen of the state in which he or she is domiciled. See Jones v. Law Firm of Harold and Ponton, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001)(noting "[t]o be a citizen of a state within the meaning of the diversity provision, a natural person must be both a citizen of the United States and a domiciliary of a state")(internal citations omitted). Based on the above, Plaintiffs contend the Court should consider Defendant DiMarzio a citizen of Florida for jurisdictional purposes.

Alternatively, Plaintiffs assert because both Plaintiff Stephen Jonas and Defendant Trueline are citizens of Canada, no diversity of citizenship exists and the Court lacks jurisdiction. See Saadeh v. Farouki, 107 F. 3d 52, 61 (D.C. Cir. 1997)(noting "the 1988 amendment to § 1332 did not confer diversity jurisdiction over a lawsuit between an alien on one side, and an alien and a citizen on the other side,

regardless of the residence status of the aliens").

As to the Defendants, the Court is curious why they failed to respond. A review of the pleadings in this case demonstrates that Defendants were both aware Plaintiffs were going to seek remand and that they had in fact filed such a motion. For instance, in Defendants' Motion for Extension of Time to Reply to Court Order of June 7, 2005 with Inclusive Memorandum of Law (Dkt. 10), Defendants state "the undersigned has been advised by opposing counsel that he likely will timely file a motion with the Court to remand the case to state court." Id. at 2. Additionally, in Plaintiffs' Motion for Extension of Time to File a Motion to Remand the Case to State Court (Dkt. 12), Plaintiffs' counsel represented to the Court that he consulted with opposing counsel who did not object to the extension of time. Lastly, in Defendants' Notice of Withdrawal of Motion to Quash Service of Process and Motion to Dismiss and/or for Summary Judgment (Dkt. 18), Defendants stated "Plaintiffs have filed a motion to remand this case to state court." Id. at 1-2. Defendants failure to respond is thus inexplicable.

## III.    Discussion

After reviewing the submitted documentation, the Court agrees with the Plaintiffs. Indeed, pursuant to 28 U.S.C. § 1441(b), "[a]ny other action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The Court notes that statutes authorizing removal to federal courts are to be strictly construed against removal and that the removing party must present facts establishing the right to remove the case.  Tran v. Waste Mgmt., Inc., 290 F. Supp. 2d 1286, 1291-92 (M.D. Fla. 2003)(internal citations omitted).

Here, Defendants failed to present any information to bolster their right to removal. Moreover, in light of Plaintiffs arguments, the Court concludes Defendant DiMarzio is citizen of the state of Florida for purposes of diversity. This fact, under 28 U.S.C.§ 1441(b), precludes Defendants from removing this case

3

from state court as Defendant DiMarzio is a citizen of the state in which the action was brought. Because the Court finds remand is appropriate on this basis, the Court need not address Plaintiffs' alternative ground.

Accordingly, upon due consideration, it is hereby **ORDERED AND ADJUDGED**:

1.    Plaintiffs' Motion to Remand (Dkt. 14) is **GRANTED.**

2.    Defendants' Notice of Withdrawal of Motion to Quash Service of Process and Motion to Dismiss and/or for Summary Judgment (Dkt. 18) is **GRANTED**. Defendants' Motion to Dismiss and/or Motion for Summary Judgment (Dkt. 4) is therefore withdrawn.

3.    The clerk, in accordance with 28 U.S.C. § 1447(c), is directed to mail a certified copy of this Order to the clerk of the State Court.

BY ORDER OF THE COURT, at Jacksonville, Florida, this __11__ day of August, 2005.

Copies to:

Counsel of Record

JOHN H. MOORE II
United States District Judge